IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**STARLAR HUNT,**

    **Plaintiff,**

**v.**                                                       **Case 2:24-cv-02508-SHL-cgc**

**CARRIER,**

    **Defendant.**

**REPORT AND RECOMMENDATION ON
CARRIER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
CARRIER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Before the Court are Defendant Carrier's Motion to Dismiss Plaintiff's Complaint and Motion to Dismiss Plaintiff's Amended Complaint. (Docket Entries ("D.E.") #12, #16). Pursuant to Administrative Order 2013-05, the instant motions have been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Carrier's Motion to Dismiss is MOOT and that Carrier's Motion to Dismiss Amended Complaint be GRANTED.

### I. Background

#### a. *Plaintiff's Complaint*

On July 18, 2024, Plaintiff filed a *pro se* Complaint alleging discrimination on the basis of race and gender/sex in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") (D.E. #2). Specifically, Plaintiff alleges that she was employed by Carrier, that she was written up in January and April of 2023, that she was "reprimanded with false statements" on

May 19, 2023, and that she was ultimately terminated based upon false statements on June 5, 2023. (Compl. ¶ 10).

As exhibits to her Complaint, Plaintiff has filed the Determination and Notice of Rights letter from the Equal Employment Opportunity Commission ("EEOC") in Charge Number 490-2023-02525, which is dated May 6, 2024 ("Right to Sue Letter"), as well as an EEOC Pre-Charge Inquiry form. (D.E. #2-1).

### b. Carrier's Motion to Dismiss

On January 21, 2025, Carrier filed its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. #12). Carrier argues that Plaintiff failed to exhaust her administrative remedies on her race discrimination claim and fails to state a claim of gender/sex discrimination under Title VII because the Complaint does not allege that Carrier took any adverse employment action against Plaintiff on that basis.

### c. Plaintiff's Amended Complaint

On January 31, 2025, Plaintiff filed two identical documents titled "Response and Answer," which appear to be either an amended or supplemental version of her complaint. (D.E. #14, #15). Therein, Plaintiff alleges that her claims are brought against Carrier, Anthony Norfleet, and Brandon A. Dunson[1] pursuant to Title VII for gender/sex discrimination and hostile work environment. (*Id*. at PageID 63-65).

Plaintiff's filing alleges additional background facts about her employment history at Carrier (*Id*. ¶¶ 6-15), and then it sets forth more detailed allegations about the events giving rise to her June 5, 2023 termination, (*Id*. ¶¶ 16-25). Specifically, Plaintiff alleges the following: (1) that on or about January 10, 2023, she was disciplined by Dunson for not completing a task; (2) that,

---

[1] This filing was not properly filed as an Amended Complaint, and Norfleet and Dunson have not been added on the Court's docket as defendants in this case.

on "numerous occasions," she "voiced concerns" to Norfleet, Dunson, and the HR department that she did not have the "proper resources, collaborative tools and manpower" to complete the assigned tasks, but that her input was ignored; (3) that Norfleet and Dunson continued to add "more unrealistic and unreasonable expectations" to complete an assigned project by a deadline; (4) that Plaintiff was instructed to ask a forklift driver for assistance, which she believed to be unrealistic because they are already assigned to certain areas; (4) that on or about April 27, 2023, Plaintiff was disciplined without her knowledge while "out sick"; (5) that, when Plaintiff returned to work in May 2023, she was forced to sign a "write up" from Norfleet and Dunson; (6) that, also in May 2023, a male employee, Michael Williams, who was also supervised by Norfleet and Dunson, "was out on suspension for violation of company policies and procedures"; (7) that on or about June 5, 2023, Plaintiff was terminated for falsifying company documentation; (8) that she believes that she should have been "afforded the same disciplinary action as her male peers . . . as the employee handbook suggests." (*Id*.) Plaintiff states that she filed an EEOC charge on June 15, 2023 and that the EEOC issued a Right to Sue letter on May 6, 2024. (*Id*. ¶¶ 26-27).

As exhibits, Plaintiff has again filed her Right to Sue letter and the EEOC Pre-Charge Inquiry. (D.E. #15-1). She also added as an exhibit her EEOC Charge of Discrimination (Charge 490-2023-02525), which was filed on June 16, 2023 and alleged Title VII sex discrimination. (D.E. #15-1). The EEOC Charge further sets forth similar factual allegations pertaining to write-ups in May 2023 and her termination in June 2023.

### d. *Carrier's Motion to Dismiss Amended Complaint*

On February 12, 2025, Carrier filed a second Motion to Dismiss Amended Complaint. (D.E. #16). Therein, Carrier states that it construes Plaintiff's "Response and Answer" to be an Amended Complaint. Further, Carrier argues that Plaintiff has abandoned her race discrimination

3

claim by not including it in the amended pleading, that she failed to exhaust her administrative remedies as to her hostile work environment claim, and that she failed to state a gender/sex discrimination claim upon which relief may be granted.

On February 26, 2025, Plaintiff filed her Response to Carrier's second Motion to Dismiss. (D.E. #17). Plaintiff does not appear to contest that she intended for her January 31, 2025 filing to constitute an amended complaint. Plaintiff also does not appear to contest that she has abandoned her claim for race discrimination. However, Plaintiff argues that she has properly exhausted her administrative remedies on her hostile work environment claim and that she has stated a claim upon which relief may be granted for both a hostile work environment claim and a claim of gender/sex discrimination.

On March 5, 2025, Carrier filed its Reply to Plaintiff's Response. Carrier again asserts that Plaintiff's hostile work environment claim exceeds the scope of her EEOC charge and must be dismissed for failure to exhaust administrative remedies. Carrier also continues to argue that Plaintiff has failed to state a claim for gender/sex discrimination upon which relief may be granted.

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of

legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal

5

quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III.     Proposed Analysis and Conclusions of Law

At the outset, several issues appear not to be in dispute. First, the parties do not dispute that Plaintiff's January 31, 2025 filing should be construed as her Amended Complaint. Thus, it is RECOMMENDED that it be so construed. Consistent with that recommendation, it is RECOMMENDED Carrier's Motion to Dismiss Plaintiff's initial Complaint is MOOT upon the filing of the Amended Complaint.

Turning to the Amended Complaint, the parties do not dispute that Plaintiff no longer seeks to pursue a claim for discrimination on the basis of race. Thus, the Court need only consider whether Plaintiff has adequately pleaded two claims: gender/sex discrimination, and hostile work environment.

To establish a *prima facie* case of gender/sex discrimination, a plaintiff must ultimately prove as follows: (1) she is a member of a protected class; (2) she is qualified for her job; (3) she suffered an adverse employment action; and, (4) she was treated differently from a similarly situated person outside of her protected class. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006). The burden then shifts to the defendant to put forth a "legitimate, nondiscriminatory reason" for the adverse treatment. *Id*. at 706. If the defendant succeeds, the burden shifts back to the plaintiff to show that the defendant's reason was in fact a pretext for discrimination. *Id.* at 707. Plaintiff is not required to plead all elements of the *prima facie* case to

survive a Rule 12(b)(6) motion, but she must nonetheless provide fair notice of the grounds for her claim and set forth a plausible basis for relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-515 (2002).

Here, Plaintiff alleges that a male employee was suspended for an unidentified policy violation while her employment was terminated for falsifying company documentation. Plaintiff does not allege that she did not falsify company documentation (although she states that Carrier only "allegedly" terminated her on that basis), but she does allege that she should have been allowed to serve a suspension because that was the sanction given to a male employee. While Plaintiff suggests that the employee handbook would support her position, she provides no information as to its provisions or why she believes that Carrier was required to offer her a suspension rather than terminate her employment under the circumstances.

Thus, while Plaintiff's Complaint does provide basic notice to the defendant of the type of claim she seeks to raise, the allegations are insufficient to set forth a plausible claim for relief that Carrier terminated her employment based upon her gender/sex and not based upon her falsification of company documentation. Accordingly, it is RECOMMENDED that Plaintiff's claim for gender/sex discrimination be DISMISSED for failure to state a claim upon which relief may be granted.

As to hostile work environment, Plaintiff's Amended Complaint alleges that the dispute giving rise to the hostilities was based upon whether Plaintiff had adequate resources to complete the tasks to which she was assigned. Plaintiff's Amended Complaint at no point alleges that the hostilities were based upon her gender/sex. This is insufficient to plead a Title VII claim for hostile work environment because, for such a claim to succeed, the hostile work environment must be based upon the individual's protected class. *See Thornton v. Federal Express Corp.*, 530 F.3d 451,

455 (6th Cir. 2008). Accordingly, it is RECOMMENDED that Plaintiff's claim for a hostile work environment be DISMISSED for failure to state a claim upon which relief may be granted.

### IV. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Carrier's Motion to Dismiss Plaintiff's Complaint is MOOT and that Carrier's Motion to Dismiss Amended Complaint be GRANTED.

**DATED** this 19th day of September, 2025.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**