# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| STARLAR HUNT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-2508-SHL-cgc |
| | ) | |
| CARRIER CORPORATION, | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO DISMISS, AND GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation ("R&R") (ECF No. 19), filed September 19, 2025, recommending that the Court grant Defendant Carrier Corporation's motion to dismiss pro se Plaintiff Starlar Hunt's amended complaint.[1] Hunt objected to the R&R on September 23. (ECF No. 20.) Hunt also requests, in the alternative, "leave to amend her complaint again to provide additional specific examples," which the Court construes as a motion to file an amended complaint. (Id. at PageID 114.)

For the reasons described below, the Court **ADOPTS** the R&R, **GRANTS** Carrier's motion to dismiss the amended complaint, and **GRANTS IN PART** Plaintiff's motion to file an amended complaint.

---

[1] Because Carrier's motion to dismiss Hunt's original complaint (ECF No. 12) was replaced by Carrier's motion to dismiss Hunt's amended complaint (ECF No. 16), the earlier motion is **DENIED AS MOOT**.

## BACKGROUND

A full recitation of the facts in this case is found in the Report's Background section. (See ECF No. 19 at PageID 105–08.)  Briefly, in her original form-filled complaint, filed on July 18, 2024, Hunt alleged violations of Title VII of the Civil Rights Act of 1964, stating that she was terminated and suffered from unequal terms and conditions of her employment based on race and gender/sex.  (ECF No. 2 at PageID 2–5.)  She wrote that in January and April of 2023, she was "written up with false statements by [her] superior"; on May 19 of that year, "was reprimanded with false statements by [her] superior"; and, finally, on June 5, she "was wrongly terminated due to false statements by [her] superior."  (Id. at PageID 5.)   She attached the right to sue letter she received from the Equal Employment Opportunity Commission ("EEOC"), as well as the pre-charge inquiry she filed with them.  (See ECF No. 2-1.)

Carrier filed a Motion to Dismiss that complaint on January 21, 2025.  (ECF No. 12.)  Hunt filed two identical documents titled "Response and Answer," which included the attachments to the original complaint as well as the EEOC charge document.  (ECF Nos. 14, 15.)  However, instead of a response, the filing appears to be an amended complaint, as Carrier points out (ECF No. 16 at PageID 74) and Hunt agrees (ECF No. 20 at PageID 114).

Although her original complaint included Title VII claims based on both race and sex discrimination (ECF No. 2 at PageID 5), the amended complaint and the EEOC charge attached to it mention only discrimination based on sex (ECF No. 14 at PageID 58).  To support her sex discrimination claim, the amended complaint adds sparse detail to the four incidents described in the original complaint.  She writes that she was disciplined in January 2023 "for not completing [a] task [she] was giv[en]"; disciplined again in April 2023 for unspecified reasons; "forced to sign a write up" in May 2023; and finally terminated on June 5, 2023 for allegedly "falsifying

company documentation." (Id. at PageID 53–54.) To demonstrate that another similarly situated employee was treated differently, she asserts in the EEOC charge that male coworkers Michael Williams and William McLean "committed similar infractions" but "were not terminated." (ECF No. 14-1 at PageID 58.) Hunt, on the other hand, was terminated without being "afforded the same disciplinary action as her male peers (in same positions), as the employee handbook suggests." (Id. at PageID 54.)

Also, for the first time in the amended complaint, Hunt adds that she suffered from a "toxic work environment" and a "hostile work environment" due to the "unrealistic tasks" she was assigned and the write-ups she received. (Id. at PageID 53.) No hostile work environment claim was included in her EEOC charge. (ECF No. 14-1 at PageID 58.)

In its response, Carrier first argues that the new hostile work environment claim should be dismissed because that claim was not included in the EEOC charge. (ECF No. 16-1 at PageID 82–83.) Thus, Hunt did not exhaust her administrative remedies with respect to that claim. (Id.) Second, Carrier argues Hunt's sex discrimination claim should likewise be dismissed because she "includes no allegations that plausibly suggest" discrimination on the basis of sex. (Id. at PageID 84.)

In the R&R, the Magistrate Judge recommends the dismissal of the amended complaint. (ECF No. 19 at PageID 112.) The R&R states that Hunt's hostile work environment claim should be dismissed because she "at no point alleges that the hostilities were based upon her gender/sex." (Id. at PageID 111.) And it recommends dismissal of the sex discrimination claim because "the allegations are insufficient to set forth a plausible claim for relief that Carrier terminated her employment based upon her gender/sex and not based upon her falsification of company documentation." (Id.) Hunt timely objected to the R&R. (ECF No. 20.)

3

## APPLICABLE LAW

A magistrate judge may submit to a district judge proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim.  28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true.  League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).  This standard requires more than bare assertions of legal conclusions.  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001).  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Id. (citing Twombly, 550 U.S. at 555).

4

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citing Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (citation modified) (quoting Ashcroft v. Iqbal, 556 US. 662, 678 (2009)).

## ANALYSIS

Hunt objects to the R&R's conclusion that both her claims should be dismissed. (ECF No. 20 at PageID 113.) But if the Court is inclined to dismiss her claims, she "requests leave to amend her complaint again to provide additional specific examples of discriminatory treatment." (Id. at PageID 114.)

## I.    Hostile Work Environment Claim

Hunt first argues that her amended complaint draws a connection between her hostile work environment claim and her membership in a protected class, because her work environment was affected by the way that men and women were disciplined differently at the time of her termination. (Id.) However, the amended complaint describes Hunt's work environment in the context of the "unrealistic tasks" and the write-ups she had earlier received (id. at PageID 53), not in the context of her gender or her firing. The R&R's conclusion that Hunt has not pled sufficient facts was not erroneous.

Further, because the Court reviews this conclusion of law de novo, the Court, in the alternative, agrees with Carrier that Hunt failed to exhaust her administrative remedies by not including a hostile work environment claim in her EEOC charge.  (ECF No. 16-1 at PageID 82–83.)

Thus, with respect to the hostile work environment claim, the R&R is **ADOPTED**, and Hunt's motion to dismiss is **GRANTED**.

## II.    Gender/Sex Discrimination Claim

Hunt next argues that her amended complaint alleges sufficient facts to support a sex discrimination claim.  (ECF No. 20 at PageID 113.)

To make out a prima facie sex discrimination claim, a plaintiff must plead facts showing that (1) she is a member of a protected class, (2) she is qualified for her job, (3) she suffered an adverse employment action, and (4) she was treated differently from a similarly situated person outside of her protected class.  Wright v. Murray Guard, Inc., 455 F.3d 702, 707 (6th Cir. 2006).

Hunt asserts that she has pled (1) that she is a woman, a member of a protected class, (2) she was qualified for her job, (3) she was "disciplined and terminated," and (4) she suffered "circumstances different from similarly situated male employees."  (ECF No. 20 at PageID 113.) However, as the R&R points out, too often the amended complaint offers bare conclusions in place of facts.  (ECF No. 19 at PageID 111.)  For example, Hunt does not allege relevant provisions in the employee handbook, or the specific infractions she committed, or that her male coworkers committed those same infractions but received different treatment, or that she was innocent of falsifying company documentation.  Although the Court reads the facts liberally at this stage, there are not yet enough facts to read.

Thus, with respect to the sex discrimination claim, the R&R is **ADOPTED**, and Carrier's motion to dismiss is **GRANTED**. At the same time, Hunt's motion to amend her complaint is **GRANTED IN PART** as to the sex discrimination claim only. She must file her amended complaint within twenty-one days of the filing of this order if she intends to pursue that claim. Failure to do so will result in the entry of a judgment in favor of Carrier.

## <u>CONCLUSION</u>

Having reviewed <u>de novo</u> the conclusions of the R&R to which Hunt objects and finding no error, and having reviewed the remainder of the R&R and finding no clear error, the Court **ADOPTS** the R&R, **GRANTS** Carrier's motion to dismiss, and **GRANTS IN PART** Hunt's request to amend her complaint. Her second amended complaint must be filed by **Monday, October 20, 2025**.

**IT IS SO ORDERED,** this 29th day of September, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE